UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2010 JUL 21 PM 12: 0
U.S. DISTRICT COURT
EASTERN DISTRICT
NEW YORK

------------------------------------------------------------X

NICHOLAS MATHANS,

                Plaintiff,

**COMPLAINT**

-against-

**PLAINTIFF DEMANDS TRIAL BY JURY**

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE PATRICK SMITH (Shield No. 29672) of the 69 Police Precinct, and "JOHN DOE" POLICE OFFICERS employed by the New York City Police Department individually and in their official capacity as Police Officers from the 69 Precinct,

GARAUFIS, J.

                Defendants.

------------------------------------------------------------X

POLLAK M.J.

Plaintiff, **NICHOLAS MATHANS**, hereby appears in this action by and through his attorney, **LAW OFFICES OF PAMELA S. ROTH, ESQ. P.C.**, for his COMPLAINT, and demands that all papers be served upon, at the address below, in this matter, and alleges upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the Plaintiff, NICHOLAS MATHANS, seeks relief for the defendants' violation of his civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, Article I §12 of the Constitution of the State of New York, and New York State Common Law. The Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c).

## PARTIES

6. Plaintiff, NICHOLAS MATHANS (hereinafter "MATHANS") resides with his mother, Claudette Harrison, and sister, Shante Harrison, at 1032 East 82nd Street, Apartment 1, Brooklyn, New York 11236, and all times he has been a resident of the United States of America and the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the New York City Police Department (NYPD) and acted under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendants "John Doe" are unknown police officers for the City of New York and acting under color of state law. They are being sued in both their individual and official capacity.

9. At all relevant times, the New York City Police Department employed the defendant Police Officers more fully identified below.

10. At all relevant times, defendant DETECTIVE PATRICK SMITH (hereinafter "SMITH") Shield No. 29672, was at all relevant times a duly appointed and acting Police Officer of the New York City Police Department.

11. At all relevant times, the individual defendant SMITH, was acting under color of state law.

12. At all relevant times, the individual defendant, SMITH, was an agent, servant and employee acting within the scope of his employment.

13. Alternatively, the individual defendant, SMITH, was at all relevant times acting outside the scope of his employment.

14. At all times relevant, the New York City Police Department employed the individual defendant, SMITH.

15. At all times relevant, Defendant, SMITH, was duly appointed and an acting police officer of the New York City Police Department.

16. On July 22, 2007 and through August 9, 2007, the individual defendant, SMITH was on duty and assigned to the 69th Precinct and serving under Shield No. 29672.

17. At all times relevant, defendant Police Officers "JOHN DOE", unidentified persons, were duly appointed and acting police officers of the New

York City Police Department assigned to the 69th Police Precinct located at 9720 Foster Avenue, County of Kings, City and State of New York.

18. At all times relevant, Defendant CITY is the municipal corporation that operates the New York City Police Department.

19. At all relevant times, the individual defendants were acting pursuant to their authority as New York City Police Department employees. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of the New York City Police Department.

20. At all relevant times, the individual defendants were agents, servants and employees acting within the scope of their employment.

21. Alternatively, the individual defendants were, at all relevant times, acting outside the scope of their employment.

22. At all times relevant hereto, Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE(S) (hereinafter "DOE(S)") were New York City Police Officers who took part in implementing, enforcing, and/or effectuating the arrest that is the subject of this action. At all times relevant hereto, defendant DOE(S) were acting in the capacity of agents, servants and employees of the defendant CITY, and within the scope of their employment as such. Plaintiff is unable to determine the name of these Defendant Police Officers at this time and thus sues them under a fictitious designation. Defendant DOE(S) are sued in their individual and official capacity.

## FACTS

23. On or about July 22, 2007 at approximately 7:30 PM, various police officers employed with the New York City Police Department and assigned to the 69th Precinct, without probable cause and/or justification and without a search warrant used physical force to break through the Plaintiff's entry door to the rented apartment that he shares with his mother and sister.

24. On or about July 22, 2007 at approximately 7:30 PM, various police officers employed with the New York City Police Department and assigned to the 69th Precinct, without probable cause and/or justification and without a search warrant entered the plaintiff's home with guns drawn, pointed at his sister Shante Harrison, and his mother Claudette Harrison, as they were babysitting three (3) year old triplets and conducted an unlawful search of the entire premises.

25. The police officers were shouting at them, "get out, get out". The police officers were demanding information as to the whereabouts of the plaintiff, NICHOLAS MATHANS, claiming he was wanted in connection with a robbery of a livery cab driver that drove a fare to the plaintiff's address.

26. The unlawful search and seizure was without due process of law and was done to intimidate Plaintiff's family.

27. Thereafter, on August 9, 2007, plaintiff NICHOLAS MATHANS was arrested for a gun-point robbery of a livery cab driver and various other charges.

8   Plaintiff was placed in custody and was charged with P.L. 120.14, Menacing in the Second Degree; P.L. 120.15, Menacing in the Third Degree; P.L. 155.25, Petit Larceny; P.L. 155.30(5), Grand Larceny in the Fourth Degree;

P.L. 160.05, Robbery in the Third Degree; P.L. 160.15(4), Robbery in the First Degree; P.L. 165.40, Criminal Possession of Stolen Property in the Fifth Degree; and P.L. 240.26(1), Harassment in the Second Degree.

29. Plaintiff was unlawfully detained and falsely imprisoned, falsely arrested and maliciously prosecuted. Detective PATRICK M. SMITH, along with POLICE OFFICERS "JOHN DOE" forced plaintiff's sister Shante Harrison to sign a statement stating that plaintiff was in possession of a gun and committed a crime of robbery against a livery cab driver.

30. Plaintiff was falsely arrested on false charges designed to cover the unlawful conduct of the aforesaid police officers and detained against his will without probable cause for a period of nearly four (4) days.

31. It is alleged that the CITY OF NEW YORK and DETECTIVE PATRICK M. SMITH, along with POLICE OFFICERS "JOHN DOE" failed to investigate the facts, and therefore maliciously and intentionally detained plaintiff, falsely detained plaintiff, falsely imprisoned plaintiff, falsely arrested plaintiff, maliciously prosecuted plaintiff, threatened, humiliated and mentally abused plaintiff NICHOLAS MATHANS in violation of his constitutional rights.

32. Plaintiff NICHOLAS MATHANS was arraigned on August 10, 2007 and bail was set at $15,000.00.

33. Plaintiff faced criminal charges initiated by the unlawful conduct of the CITY OF NEW YORK and DETECTIVE PATRICK SMITH, along with POLICE OFFICERS "JOHN DOE", their agents servants, and/or employees which charges were false and known to be false by this municipality and its

officers.

34. Plaintiff was forced to retain counsel to defend these charges and was further deprived of his liberty as a result thereof by virtue of the pendency of these criminal charges, the requirement that he appear in Court to answer and defend these charges and had been maliciously prosecuted.

35. Thereafter, Plaintiff MATHANS was in custody, was unlawfully detained and falsely imprisoned for approximately 5 days and remained at Rikers Island for five (5) days. Plaintiff remained in custody and jailed for a period of five (5) days at Rikers Island, a New York City Correctional facility.

36. It is alleged that the CITY OF NEW YORK and DETECTIVE PATRICK SMITH, along with POLICE OFFICERS "JOHN DOE" failed to investigate the facts, and therefore maliciously and intentionally detained, falsely detained, falsely imprisoned, threatened, humiliated and mentally abused plaintiff MATHANS in violation of his constitutional rights. That the defendants herein acted with malicious and malevolent intent to inflict harm upon plaintiff, and not initiate legitimate criminal charges, thereby abusing the process and in violation of plaintiff's rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State and his rights, privileges and immunities secured to Plaintiff by the United States Constitution and laws of the State of New York.

37. Plaintiff MATHANS appeared in Criminal Court on August 15, 2007 in Part AP1-F. The assigned Assistant District Attorney made a plea offer to

Plaintiff to plead guilty to an A misdemeanor with a sentence of 6 months jail. Plaintiff refused this offer and the case was adjourned to September 11, 2007.

38.     Plaintiff appeared in Criminal Court on September 11, 2007, whereby the assigned Assistant District Attorney reduced the case from a felony to misdemeanor charges. The following charges of P.L. 160.05 Robbery in the Third Degree, P.L. 160.15(4) Robbery in the First Degree, P.L. 165.40 Criminal Possession of Stolen Property in the Fifth Degree, P.L. 155.25 Petit Larceny, P.L. 155.30(5) Grand Larceny in the Fourth Degree, and P.L. 120.14(1) Menacing in the Second Degree, were all dismissed. There was an offer made for Plaintiff to plead guilty to P.L. 240.26 Harassment in the Second Degree, a violation, with a Conditional Discharge and a full order of protection, and this was refused by Plaintiff. Thereafter, the case was adjourned to November 7, 2007 and transferred to a misdemeanor part in AP5.

39.     Plaintiff appeared in Criminal Court on November 7, 2007, at which time the Kings County District Attorneys' office was not ready to proceed with the case against Plaintiff. There was an offer made for Plaintiff to plead guilty to P.L. 240.26 Harassment in the Second Degree, a violation, with a Conditional Discharge and a full order of protection, and this was refused by Plaintiff. The case again adjourned to December 18, 2007 in AP5.

40.     Plaintiff appeared in Criminal Court in Part AP5 on December 18, 2007, and the assigned Assistant District Attorney made a reduced plea offer for Plaintiff to plead guilty to P.L. 240.26 Harassment in the Second Degree, with Time Served.

41. Again, Plaintiff refused to plead guilty to any offers made by the Kings County District Attorney's office as Plaintiff had maintained his innocence throughout these proceedings and the case was again adjourned to another date for February 20, 2008.

42. On February 28, 2008, Plaintiff appeared again in Kings County Criminal Court in Part AP5. The case was dismissed by the Kings County District Attorney's Office as the alleged complaining witness, Mory Toure, had repeatedly informed the District Attorney's that NICHOLAS MATHANS never threatened him with a gun and never robbed him of the cab fare.

43. The alleged complaining witness, Mory Toure, was forced, threatened with deportation and intimidated by defendant DETECTIVE PATRICK SMITH (hereinafter "SMITH") Shield No. 29672, the defendants herein and by members of the New York City Police Department, to make false statements against Plaintiff, NICHOLAS MATHANS.

44. On February 28, 2008, the charges were dismissed against Plaintiff MATHANS and the case was sealed pursuant to Section 160.50 of the CPL.

45. As a direct result of the above false arrest and malicious prosecution relating to the arrest for the July 22, 2007 incident, Plaintiff was caused to be violated on his interim supervision probation under indictment 5967-2005 by Judge McKay in Supreme Court of Kings County.

46. Judge McKay set bail on Plaintiff in connection with the violation of the interim probation and Plaintiff was incarcerated for a period of four days until bail was posted.

47. Plaintiff MATHANS had to appear on numerous court dates before Judge McKay and always with the threat of jail time.

48. After months of appearances before Judge McKay providing updates of the underlying case in Kings County Criminal Court and the final dismissal of said case, Plaintiff was restored to his probation status and ultimately completed his probation under indictment 5967-2005.

49. As a direct result of the above defendants' actions, plaintiff MATHANS suffered and continues to suffer mental anguish, deprivation of liberty and privacy, humiliation, shame, emotional distress, damage to reputation, some or all of which may be permanent, and further exposed plaintiff to public scandal and disgrace, and deprived plaintiff of his Federal and State Constitutional Rights.

50. Plaintiff MATHANS suffered greatly and was emotionally traumatized by this excessive detention, false imprisonment, false arrest, malicious prosecution, and violation of his civil rights.

51. The false criminal arrest of plaintiff MATHANS and wrongful imprisonment of plaintiff MATHANS, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

52. As a direct and proximate result of this unlawful detention and confinement, plaintiff MATHANS has lived in terror and continues to suffer from nightmares, is fearful of approaching the door in his apartment when someone comes to the door, and is fearful and mistrusting of police.

53. As a direct and proximate result of defendants' actions, plaintiff MATHANS was detained in the police precinct and at Riker's Island Correctional Facility without just or probable cause.

54. As a direct and proximate result of defendants' actions, plaintiff NICHOLAS MATHANS was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York and incurred loss of earnings and earnings ability, past and future.

## AS A FIRST CAUSE OF ACTION FOR RELIEF
### Pursuant to 42 U.S.C. §1983 (FALSE ARREST)

55. Paragraphs 1 through 54 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

56. That Defendants CITY and SMITH had no valid evidence for the arrest, detention and imprisonment of MATHANS, nor legal cause or excuse to seize and detain MATHANS for a period of approximately 28 hours.

57. That in detaining MATHANS for a period of 28 hours without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

58. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

59. As a result of the above described policies and customs, the officers, staff, agents and employees of the Defendant CITY believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

60. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of MATHAN's rights alleged herein.

61. By reason of Defendants' acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of NICHOLAS MATHAN's rights, subjected MATHANS to an unlawful, illegal and excessive detention, false arrest, malicious prosecution, falsely charged him crimes he did not commit, caused him to be incarcerated at Riker's Island, coerced a false statement from the alleged complaining witness Mory Toure implicating Plaintiff NICHOLAS MATHANS for crimes he did not commit, all in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

62. By reason of the foregoing, NICHOLAS MATHANS suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## AS A SECOND CAUSE OF ACTION FOR RELIEF
Pursuant to State Law (FALSE ARREST)

63. Paragraphs 1 through 62 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

64. That the unlawful seizure, unlawful detention, false imprisonment, malicious prosecution of MATHANS was unlawful in that Defendant CITY had no probable cause to detain, arrest and/or imprison MATHANS.

65. That defendants intended to confine MATHANS. That defendants conspired to violate plaintiff's constitutional rights.

66. That MATHANS was conscious of the confinement and did not consent to the confinement.

67. That the confinement was not otherwise privileged.

68. By reason of Defendant CITY's acts and omissions, Defendants CITY, SMITH and JOHN DOE and JANE DOE acting in gross and wanton disregard of MATHAN's rights, deprived NICHOLAS MATHANS of his liberty when they subjected MATHAN to an unlawful, illegal and excessive detention, in violation of State law.

69. That by reason of the foregoing, NICHOLAS MATHANS suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, shame, fear, damage to reputation, embarrassment and other psychological injuries. All of said injuries may be permanent.

## AS A THIRD CAUSE OF ACTION FOR RELIEF
Pursuant to State Law (RESPONDEAT SUPERIOR)

70. Paragraphs 1 through 69 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

71. That SMITH was acting in furtherance of the duties owed to his employer, defendant CITY.

72. That at all times, SMITH was acting within the scope of his employment.

73. That Defendant CITY was able to exercise control over SMITH's activities.

74. That Defendant CITY is liable for SMITH's actions under the doctrine of *respondeat superior.*

75. By reason of the foregoing, NICHOLAS MATHANS suffered mental injuries, emotional injuries, deprivation of liberty and privacy, terror, humiliation, fear, damage to reputation, shame, embarrassment and other psychological injuries. All of said injuries may be permanent.

## AS A FOURTH CAUSE OF ACTION FOR RELIEF
Pursuant to State Law
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

76. Paragraphs 1 through 75 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

77. By reason of the foregoing, Defendant SMITH and Police Officers "JOHN DOE" and "JANE DOE" of the 69th Police Precinct, intentionally or recklessly engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby intentionally inflicting mental and emotional distress upon the plaintiff, NICHOLAS MATHANS.

78. As a consequence thereof, the plaintiff NICHOLAS MATHANS has been injured.

## AS A FIFTH CAUSE OF ACTION FOR RELIEF
### Pursuant to State Law
### (NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES AGAINST THE NEW YORK CITY POLICE DEPARTMENT)

79. Paragraphs 1 through 78 of this complaint are hereby realleged and incorporated by reference as if set forth in full herein.

80. Upon information and belief, defendant New York City, through the New York City Police Department owed a duty of care to this plaintiff to prevent the mental abuse sustained by plaintiff.

81. Upon information and belief, defendant New York City, through the New York City Police Department, owed a duty of care to this plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to this plaintiff or to those in a like situation would probably result from this conduct.

82. Upon information and belief, defendant SMITH was unfit and incompetent for his position.

83. Upon information and belief, defendant New York City's negligence in hiring and retaining defendant SMITH proximately caused the plaintiff's injuries.

84. That defendants were negligent in all of their interactions with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody

and falsely charging plaintiff with crimes and violations of the New York State Penal Laws that he did not commit.

85. The defendants failed to comply with police custom, practice and usage as well as the NYPD Patrol Guide in all of their interactions with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody and falsely charging plaintiff with crimes and violations of the New York State Penal Laws that he did not commit.

86. By reason of the foregoing, plaintiff NICHOLAS MATHANS was deprived of his liberty, was unlawfully confined, was falsely arrested, unlawfully imprisoned, maliciously prosecuted, was subjected to ridicule, scorn and derision by those knowing of his detention, plaintiff was caused to suffer from ongoing mental anguish from being wrongfully incarcerated for crimes he did not commit, and to have incurred loss of earnings and earnings ability, and was otherwise damaged and injured in the sum of $5,000,000.00

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, NICHOLAS MATHANS has suffered pecuniary losses, incurred loss of earnings and earnings ability, emotional pain, psychological pain, nightmares, fear, terror, embarrassment, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff NICHOLAS MATHANS respectfully requests that judgment be entered as follows:

1. Awarding NICHOLAS MATHANS compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding NICHOLAS MATHANS punitive damages in an amount to be determined by a jury;

3. Awarding NICHOLAS MATHANS interest from July 22, 2007; and

4. Awarding NICHOLAS MATHANS reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. Awarding NICHOLAS MATHANS the sum of $5,000,000.00 and

6. Granting such other and further relief as to this Court seems just and proper.

Dated:   Brooklyn, New York
         July 20, 2010

                                    _____
                                    PAMELA S. ROTH **PR7124**
                                    Attorney for Plaintiff
                                    9118 Fifth Avenue
                                    Brooklyn, New York 11209
                                    (718) 836-9118